MORRISON, ADMINISTRATRIX, *v.* JOHN R. ANNIS, PR., & SENECA S. MERRILL, TR.

Under the General Statutes the answers of the trustees are to be written by the magistrate, as in the case of other depositions; and they cannot insist upon the right to retire with their counsel and prepare the answers.

But the provisions of the General Statutes do not apply to pending suits, no intention that they should being expressed; and therefore trustees in suits then pending have the right to retire and prepare their answers with the aid of counsel.

THIS action was entered at April Term, 1867. July 7th, 1868, the trustee having been duly summoned by plaintiff, and having received his lawful fees, appeared before a magistrate to give his deposition. Upon the propounding of a question, the trustee and his counsel prepared to retire to an adjoining room and prepare his answer in accordance with the practice in this State before the adoption of the General Statutes; to which plaintiff's counsel objected, insisting that the trustee should answer the question without consultation with his counsel, or leaving the room, and in the ordinary manner of taking depositions. The trustee, under the advice of his counsel, declined to answer unless he could have the opportunity to prepare his answer in the manner above mentioned.

Plaintiff, at this term, moved that the trustee be defaulted. The court ruled that the trustee had no right to prepare his answer in the manner claimed by him. No ruling was made directly on the motion for a default.

*Ray & Ladd,* for trustee.

The rule laid down by our court in *Whitney* v. *Cilley,* 18 N. H. 334, and in *Boston & Maine R. R.* v. *Salmon Falls Bank,* 27 N. H. 455, is too well fortified by sound reason, and too clearly in accordance with the dictates of common sense as well as justice, to be shaken except by arbitrary and positive statute.

The reasons for the rule given by the court in both the above cases, seem to place it beyond question that the trustee ought of right to have the aid of counsel, if he desires, in the preparation of his answers.    If it is so, then clearly the Legislature cannot take away the right without some degree of oppression and wrong, and the court will not infer that they intended to do so, or give the statute such effect by construction, if it is capable of any other reasonable and sensible interpretation.

The trustee process resembles a bill in equity for a discovery.    The trustee is a party, and his rights may be put in great jeopardy by a hasty or ill-considered though perfectly honest answer.

As fortifying the views expressed by the learned judges who delivered the opinion of the court in the two cases referred to above, I desire to call attention to the examination of Mr. Bell before the Chancery Commissioners, given in a note to Story's Equity Pl. p. 40, sec. 38, and especially to the striking-case he mentions in his answer to Q. 14.

Have the Legislature, in adopting the General Statutes, established a new and different rule?

We say if they had intended to change the law in a particular so important as this they would have expressed that intention in clear and unmistakable language.    The eminent lawyers who revised the laws in 1867 were not ignorant of the practice on this subject, or the sound and equitable reasons, twice repeated by the court, upon which that practice was based.    Had they intended to make this radical change it passes belief that they would have left it to be inferred from a change of name from " *disclosure* " to " *deposition*," or the mode of procuring the trustee's attendance before the magistrate.

The subject of the law is the same now as before.    The object is to hold the money, &c., of a delinquent debtor in the hands of a third person, and have the same applied in payment of his debt.

All the reasons that ever existed still exist for allowing the trustee who is made a party to the suit without any interest in the litigation, to have the aid of counsel in framing his answers.    This right, where the transactions between defendant and trustee are complicated, or where the trustee happens to be a woman or person unacquainted with business, may be of very great importance, and it seems to us so long as it is not expressly taken away by the statute, some strong and overpowering reason ought to be adduced before it is taken away by the court.

We say further that the Legislature here subsequently reënacted the old statute, only making some slight changes in the forms and modes of procedure; therefore the previous construction should be adopted. *Tomson* v. *Ward*, 1 N. H. 9 ; *Moores* v. *Bunker*, 29 N. H. 420 ; *Frink* v. *Pond*, 46 N. H. 125 ; *Blanding* v. *Sargent*, 33 N. H. 239.

*Barker*, for plaintiff.

The defendant's position is in direct violation of the 23d rule of this court, and cannot be sustained on any possible ground, unless the court

should hold that the provisions of the General Statutes do not apply to cases commenced before its passage.

That they do so apply, seems clear from the third, fifth and fourteenth sections of chapter 273, and section fifteen of chapter 230.

The motion for a default should be granted. A party has no right to place himself in contempt of court, putting the other party to great expense, and then ask to be relieved by the court; but should be made to suffer the legal consequences of his contumacy. General Statutes, chap. 230, sec. 14. Advice of counsel is no excuse where the rights of other parties are affected thereby.

BELLOWS, J. Under the Revised Statutes which were in force when this suit was commenced, it is well settled that the answers of the trustee need not be drawn in open court, or by the commissioner, where one was appointed to take the disclosure, or in the presence of the other party, but that this may be done elsewhere at some convenient place and with the aid of counsel. *Whitney* v. *Cilley*, 18 N. H. 334; *Boston & Maine R. R.* v. *Salmon Falls Bank*, 27 N. H. 455.

In the first of these cases the examination of a trustee is said to be like the examination of a party by his answer in equity, and that he is entitled to the aid and advice of counsel to guard him against inadvertent admissions and statements that might have the effect of charging him unjustly and against his meaning and purpose, and that nothing was found in the law against such privilege. In the other case it was held that the trustee was not like a witness testifying between parties; but is a party himself, and his interests and rights are often deeply affected by his answers, and there are instances also where it requires legal skill to draw the answers properly and truthfully. Indeed, it is quite obvious that the trustee, under that law, occupied a peculiar position. The plaintiff sought to charge him upon his own statement, for money, goods, chattels, rights or credits of the debtor, in his hands. The proceeding was in substance much like a bill of discovery, and it seemed fitting and proper that the trustee should be allowed to propose his answers as in the case of a bill of discovery with the aid of counsel.

The inquiry then is whether a change in this respect is made by the General Statutes, and if so, whether it takes effect upon actions pending when those statutes went into operation.

By the General Statutes, chap. 230, sec. 7, the plaintiff may, before the return day of the writ, and before the trustee has proceeded under the next section, summon the trustee and pay or tender him his fees as a witness to give his deposition relative to any money, goods, chattels, rights or credits in his hands, of the defendant; and by section 8, the trustee may also, before the return or notice by the plaintiff, give notice to him or his attorney, that he will attend at a time and place named to give his deposition; and by section 18, depositions of other persons may be taken by either party, and provision is made for a trial by jury if upon the depositions it appears that the trustee denies his liability as claimed by the plaintiff.

Taking into view all the provisions of this act, in connection with the fact that by statutes of 1857 and 1858, no person is now excused or excluded from testifying or giving his deposition by reason of interest as a party or otherwise, the trustee is placed by the General Statutes substantially upon the same footing as other parties, and we are not aware of any solid ground for any discrimination in the mode of taking his testimony.

If the purpose be to obtain a discovery from the trustee in order to charge him, the same may be said in respect to all other parties who are examined; and, as in other cases, the testimony of other witnesses may be introduced both by the plaintiff and the trustee.

These changes in the law have placed the trial of the issue between the plaintiff and trustee upon much the same footing as the trial of other causes, and have opened the way for abolishing the distinction between the mode of examining trustees and other parties, and therefore we think that the change in the law by which the trustee is to be summoned and paid as a witness to give his deposition, is significant of a purpose to put him upon the footing of other deponents as to the mode of giving that deposition.

If the trustee needs time to prepare his answers to any interrogatory it is within the discretion of the magistrate to give it to him, and we think it would rarely be withheld when it was proper to grant it, and of course his counsel might be consulted.

By the 23d rule of court the answers in depositions to be used both in courts of law and equity, are to be written by the magistrate without the interference of either party, and it is reasonable to suppose that in changing the law so as to require the *deposition* of the trustee to be taken, a conformity with this rule was contemplated. If not it is difficult to perceive the reason of so marked a change in the terms.

Upon these views we think that under the General Statutes the answers of the trustee should be written by the magistrate, as in the case of other depositions.

The remaining question is whether the new law applies to actions pending at the time it took effect, this action having been entered April Term, 1867, and the law going into operation January 1, 1868.

Upon examining the new law relating to the trustee process and the act repealing the Revised Statutes, which is chap. 273, we find nothing to indicate a purpose to apply the new enactments to actions pending. On the contrary the provision for taking the trustee's deposition before the return day of the writ cannot apply to actions already entered in court; and the repeal is made subject to the provisions of the chapter of which it makes part, chapter 273, one of which, section 5, is that the repeal shall not affect any trial or proceeding had or commenced before the time when said repeal shall take effect; but the proceedings in every such case shall be conformed, when necessary, to the provisions of the General Statutes.

Under the same provisions in the Revised Statutes, it has been repeatedly decided that a statute shall have no retrospective action in respect to pending suits, unless the intention to affect them is very clearly expressed.

In *Dickinson* v. *Lovell*, 36 N. H. 365, it was held that a law taking away the right of review did not apply to pending suits. The same general doctrine is laid down in *Kennett's Petition*, 24 N. H. 139; *Colony* v. *Dublin*, 32 N. H. 432; *Boston & Maine Railroad* v. *Cilley*, 44 N. H. 578; *Atherton* v. *McQuestion*, 46 N. H. 205, and *Wentworth's Petition*, Strafford County, Dec. Term, 1868.

The clause at the close of sec. 5, that the proceedings shall be conformed, when necessary, to the provisions of the General Statutes, is identical with the Revised Statutes, chap. 130, sec. 5, but the decisions above cited are subsequent to that act, and it is quite evident that this clause is not to be construed as a restriction upon the rule that a statute shall not have a retrospective operation unless the intention that it should have is very clearly expressed, except when the new law necessarily requires that it should have such effect; as when the courts themselves are changed, the terms are altered, and the like. In such cases, indeed, from the nature of the changes the purpose to affect pending suits would be apparent.

In the case before us, there is nothing in the new law that makes it necessary to change the mode of proceeding in pending trustee suits; and our opinion therefore is that the trustee ought to have been permitted to prepare his answers with the aid of counsel.

The change in this case is not very material, but we cannot say it does not affect the proceedings, and for aught we can see, a decision that should admit this change in respect to a pending suit would establish a principle that would make most of the new provisions applicable; a principle that finds no countenance in the adjudged cases in this State.